IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CARRIE L. CHURCH )
)
              Plaintiff, )
)
              v. )          No. 11-3372-SSA-CV-S-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
              Defendant. )

## ORDER

      Plaintiff Carrie L. Church seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

      The parties' briefs are fully submitted, and an oral argument was held on June 11, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

      The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> Commissioner's decision, we may not reverse it because substantial evidence exists in
> the record that would have supported a contrary outcome or because we would have
> decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff was born in 1970 and was 38 years of age on the date her applications for disability and Supplemental Security Income, January 21, 2009. Plaintiff alleged disability beginning October 26, 2007.

The Administrative Law Judge (ALJ) determined that plaintiff had not engaged in substantial gainful activity since October 26, 2007, the date she filed her application, and that she suffered from the severe impairments of cervical spondylosis, degenerative disc disease of the lumbar spine, slipped capital femoral epiphysis of the left hip, and migraine headaches. The ALJ determined plaintiff did not have an impairment, or combination of impairments, that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that plaintiff's medically determinable impairments of adjustment disorder with mixed anxiety and depressed mood and major depressive disorder do not cause more than minimal limitation on her ability to perform basic mental work activities. While plaintiff alleges other impairments, including a learning disability, attention deficit disorder, and obsessive-

2

compulsive disorder, she has demonstrated no past diagnoses for these conditions. Therefore, these conditions are not medically determinable impairments. The ALJ determined the plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work, imposing exceptional limits due to her physical impairments and climate limits due to her back impairment and migraine headaches. Based on this RFC, the ALJ determined plaintiff was unable to perform her past work due to her need to change position each hour. With the assistance of testimony from a vocational expert, the ALJ determined plaintiff would be able to perform the requirements of representative occupations such as production assembler, a light unskilled position; cashier II, a light unskilled position; final assembler, a sedentary unskilled position; and table worker, a sedentary unskilled position. The ALJ concluded that plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Therefore, a finding of not disabled was appropriate.

Plaintiff argues that the ALJ erred by failing to afford appropriate weight and controlling weight to the opinion of plaintiff's treating physician; that plaintiff's physical RFC was improperly assessed by the ALJ; and that the ALJ erred in failing to find plaintiff's testimony credible under 20 C.F.R. § 404.1529 and Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[2]

In response, the Commissioner argues the ALJ properly discussed the reasons for discounting plaintiff's credibility. The Commissioner also argues the ALJ properly evaluated his reasoning in finding that the plaintiff had the RFC to work.

Upon review, the ALJ did not err in weighing the medical evidence, and there is substantial evidence in the record to support the ALJ's decision.

First, the ALJ properly discussed the opinion of plaintiff's treating physician, Dr. Glynn, and gave valid reasons for discounting his opinion; specifically, that it was based primarily on the plaintiff's subjective complaints, and is unsupported by the evidence in that Dr. Glynn's

---

[2] Once the ALJ reaches step four of the sequential evaluation process, he must analyze both the objective medical evidence and subjective evidence to determine disability. The ALJ is not free to rely solely on objective medical evidence and ignore a claimant's subjective complaints. Once a claimant has established by medically acceptable objective evidence an underlying impairment that could reasonably be expected to cause the subjective complaints, a claimant's subjective complaints about the intensity or degree of his or her symptoms can be enough to establish disability. See Brand v. Secretary, 623 F.2d 523, 525 (8th Cir. 1980), Clark v. Chater, 75 F.3d 414, 417 (8th Cir. 1996).

3

Case 6:11-cv-03372-MJW   Document 18   Filed 06/25/13   Page 3 of 5

opinion is at odds with his treatment record of the plaintiff. An ALJ has the authority to discount the opinion, even of a treating physician, when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007); see also Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (quoting Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005)) (The Eighth Circuit has repeatedly stated that "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions").

Second, the ALJ properly discussed evidence to support his assessment of the plaintiff's physical RFC. It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence. Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995)). In this case, the ALJ's determination of plaintiff's RFC is consistent with the assessment of Dr. Ash, whose opinion was the most supported and most consistent with the other credible evidence. Hence, the ALJ's assessment of the plaintiff's physical RFC was proper.

Finally, the ALJ gave valid reasons for discounting the credibility of the plaintiff's testimony; specifically, that plaintiff's medical history shows she sought care for her alleged disability on recommendation of her attorney to collect documentation of her medical ailments for purposes of receiving Medicaid, that plaintiff's work history shows a lack of motivation to work and hold a job, and that plaintiff's daily activities are inconsistent with her alleged impairments. Because the ALJ is in a better position to evaluate credibility, the Court defers to the ALJ's credibility determinations as long as they are supported by good reasons and substantial evidence; here, the ALJ's credibility finding is properly supported. Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006).

## Conclusion

It is ultimately up to the ALJ to resolve conflicts in the evidence; including the weight each medical opinion is due. Hacker v. Barnhart, 459 F.3d 934 (8th Cir. 2006); 20 C.F.R. § 404.1527(d)(2). When determining RFC, the ALJ must base his determination off all relevant evidence. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). In determining the credibility of the plaintiff, the Court must defer to the ALJ's determinations if well supported by reasoning

and evidence. <u>Cox</u>, 471 F.3d at 907. There is substantial evidence in the record as a whole to support that plaintiff is not disabled as defined by the Social Security Act.[3]

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 25th day of June, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[3] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.